IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENJAMIN ALLEN BULLOCK, A1079054,<br><br>                Plaintiff,<br><br>        v.<br><br>HONOLULU POLICE DEPARTMENT, ET AL.,<br><br>                Defendants. | CIV. NO. 23-00394 JMS-KJM<br><br>ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 1, WITH PARTIAL LEAVE GRANTED TO AMEND |

## ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 1, WITH PARTIAL LEAVE GRANTED TO AMEND

Before the court is pro se Plaintiff Benjamin Allen Bullock's

("Bullock") Prisoner Civil Rights Complaint ("Complaint") brought pursuant to

42 U.S.C. § 1983.[1]  ECF No. 1.  In the Complaint, Bullock alleges that Honolulu

Police Department ("HPD") officers used excessive force during various arrests

(Count I), deprived him of property without due process (Count II), violated his

equal protection rights (Count III), denied him adequate medical care (Count IV),

---

[1]  Bullock is currently incarcerated at the Oahu Community Correctional Center.  *See* ECF No. 1 at PageID.1; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A1079054"; and select "Search") (last visited Oct. 10, 2023).

and unlawfully retaliated against him (Count V).[2]  *Id.* at PageID.6–PageID.10.

After conducting the required screening pursuant to 28 U.S.C. §§ 1915(e)(2) and

1915A(a), the court DISMISSES the Complaint with partial leave granted to

amend.  If Bullock wants this action to proceed, he must file an amended pleading

that cures the noted deficiencies in his claims on or before **November 9, 2023**.  In

the alternative, Bullock may inform the court in writing on or before **November 9,**

**2023**, that he would like to dismiss voluntarily this action pursuant to Federal Rule

of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under

28 U.S.C. § 1915(g).

## I.  STATUTORY SCREENING

The court is required to screen all in forma pauperis prisoner

complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2)

and 1915A(a).  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).

Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or

seek damages from defendants who are immune from suit must be dismissed.  *See*

*Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v.*

*Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

---

[2]  Bullock names as Defendants the Honolulu Police Department, the City and County of Honolulu, Richard Adiniwin, Jonathan Torres, Jonathan Daniel Baba, and Seth Duvall.  *See* ECF No. 1 at PageID.1–PageID.3.  All the Defendants are named only in their official capacities.  *Id.*

2

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **BACKGROUND**[3]

Bullock was arrested on four separate occasions between January 1, 2023, and March 3, 2023.  ECF No. 1 at PageID.6.  At various times during these arrests, Bullock was elbowed in the nose, pinned against a wall, body slammed, dragged, teased, taunted, whacked, and left in a hot car.  *Id.*

On the day of the 2023 Great Aloha Run,[4] Bullock was arrested for littering.  *Id.* at PageID.7.  Following Bullock's arrest, officers "left" his emotional-support cat.  *Id.*  According to Bullock, he would have picked up his cat if not for the fact that he was arrested again "days later," after he was found sleeping in an "abandoned derelict building."  *Id.*  Bullock learned later that his cat was euthanized at the Humane Society.  *Id.*

On March 3, 2023, Adiniwin and other officers arrested Bullock at an Ala Moana Center bus stop.  *Id.*  During the arrest, Adiniwin threw Bullock's cellular phone on the ground, and it shattered.  *Id.*  Bullock was then taken to the Queen's Medical Center for treatment for his nose.  *Id.* at PageID.9.  Since that time, Bullock has not received daily prescribed psychiatric and blood-pressure

---

[3]  Bullock's factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[4]  Although Bullock states that this occurred in January 2023, ECF No. 1 at PageID.7, the 39th Annual Great Aloha Run was held on February 20, 2023, *see* Great Aloha Run, https://greataloharun.com/great-aloha-run/ (last visited Oct. 10, 2023) [https://perma.cc/E3DJ-6YRY].

medications. *Id.* Following his arrest, Bullock was left naked in an air-conditioned cell over the weekend with no bed or blanket, and no "hot meal." *Id.* at PageID.6.

According to Bullock, because of HPD's "[h]omeless sweeps and shakedowns," he has "no place to lay, sleep or sit safely without being in danger of HPD." *Id.* at PageID.8. Bullock alleges that he was "retaliated and discriminated" against because of his "lifestyle and prior [arrests]." *Id.* at PageID.10. Bullock describes himself as a disabled, "African-American LGBT individual." *Id.*

Bullock commenced this suit by signing the Complaint on September 12, 2023. *See id.* at PageID.11. The court granted Bullock's Application to Proceed In Forma Pauperis by a Prisoner, ECF No. 2, on September 25, 2023, ECF No. 4.[5] Bullock seeks unspecified money damages and injunctive relief, including having all his "charges erased." *Id.*

### III. <u>DISCUSSION</u>

### A.   **Legal Framework for Claims under 42 U.S.C. § 1983**

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured

---

[5] On September 25, 2023, the court also received from Bullock a document titled "Declaration; Notice of Motion; Certificate of Service." ECF No. 3. The document appears to be a Hawaii state court form and does not identify any request for relief. Thus, the court takes no action on that filing.

by the Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022)

(quoting 42 U.S.C. § 1983) (alteration in original).  To state a claim under 42

U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution

or laws of the United States was violated; and (2) that the alleged violation was

committed by a person acting under color of state law.  *See West v. Atkins*, 487

U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th

Cir. 2020).

## B.  Defendant HPD

Bullock names as defendants both the City and County of Honolulu

and the HPD in their official capacities.  ECF No. 1 at PageID.1–PageID.2.

"The Honolulu Police Department is a division of the City and County

of Honolulu and is not separately subject to suit under § 1983."  *Oyadomari v.*

*Sutherland-Choy*, 2020 WL 61573, at *2 n.6 (D. Haw. Jan. 6, 2020) (citations

omitted).  Thus, "[c]laims against a municipality and its respective police

department are treated as claims against the municipality."  *Gomes v. County of*

*Kauai*, 481 F. Supp. 3d 1104, 1110 (D. Haw. 2020).  Any claims against the HPD

are therefore DISMISSED with prejudice.  *See Scaperotta v. Kauai Police Dep't*,

2021 WL 1009293, at *3 (D. Haw. Mar. 16, 2021) (dismissing claims against the

Kauai Police Department).

## C.     HPD Officers

Bullock also names as defendants four HPD officers solely in their official capacities.  ECF No. 1 at PageID.2–PageID.3.

"An official capacity suit against a municipal officer is equivalent to a suit against the entity."  *Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (citation omitted).  "When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."  *Id.* (citation omitted).  Any claims against Adiniwin, Torres, Baba, and Duvall in their official capacities are DISMISSED with prejudice.  *See Flores v. City & County of Honolulu*, 2019 WL 5848058, at *2–3 (D. Haw. Nov. 7, 2019) (dismissing as "redundant" claim against officer in his official capacity where municipal defendant was also named).

## D.     City and County of Honolulu

The last defendant named in the Complaint is the City and County of Honolulu.  ECF No. 1 at PageID.2.

In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that a municipality could be "sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation,

or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id*. at 690–91.  In addition, the Supreme Court has held that a municipality can be liable under Section 1983 for a "failure to train" when "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  A municipality cannot be held liable under Section 1983 "solely because it employs a tortfeasor— or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (italics omitted).

Thus, a plaintiff can allege municipal liability under Section 1983 in any of three ways.  First, a municipality can be liable when it or a person with final policymaking authority within the municipality expressly enacts or authorizes a policy respecting a challenged action.  *Id.* at 690; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482–83 (1986) ("The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.").  In this regard, a municipality can also be liable when a final policymaker "ratifie[s]" a subordinate's conduct and the basis for it. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066–67 (9th Cir. 2013).  Second, a municipality can be liable for a custom that, although not expressly enacted, is "so

permanent and well settled" it operates with the force of law. *Monell*, 436 U.S. at

691 (internal quotation marks omitted). Third, a municipality can be liable for a

failure to train its employees when such failure amounts to deliberate indifference

towards the rights of its inhabitants. *City of Canton*, 489 U.S. at 388–89. In

addition, a plaintiff must allege that a policy, custom, or failure to train actually

caused a municipality's employee to commit the constitutional deprivation. *Id.* at

391; *Monell*, 436 U.S. at 694.

Here, Bullock has not plausibly alleged that any of the individual

officers acted pursuant to a policy or custom, nor does he allege that any of the

officers were not trained. Thus, Bullock's claims against the City and County of

Honolulu are DISMISSED with leave granted to amend. *See Powell v. Hawaii*,

2023 WL 4405638, at *6–8 (D. Haw. July 7, 2023). Should Bullock decide to file

an amended pleading, he must consider the following procedural and legal

standards.

## E.     Joinder

A party asserting a claim may join, as independent or alternative

claims, as many claims as it has against an opposing party. Fed. R. Civ. P. 18.

"To name different defendants in the same lawsuit, however, a plaintiff must

satisfy Rule 20, governing joinder of parties." *Weeks v. Espinda*, 2010 WL

2218631, at *3 (D. Haw. June 2, 2010). Rule 20(a)(2) allows joinder of defendants

9

only if the following two requirements are met: (1) any right to relief is asserted

against them jointly, severally, or in the alternative with respect to or arising out of

the same transaction, occurrence, or series of transactions or occurrences; and

(2) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A)–(B); *Stribling v. Tobias*, 690 F. App'x 972, 973 (9th

Cir. 2017).  Unrelated claims involving different defendants belong in different

suits.  *See What v. Honolulu Police Dep't*, 2014 WL 176610, at *4 (D. Haw. Jan.

13, 2014).

If Bullock decides to file an amended pleading, any claim asserted

therein must be permitted by either Rule 18 or Rule 20.  Bullock may state a single

claim against a single defendant.  Pursuant to Rule 18, Bullock may then add any

additional claims to his action that are against the same defendant.  Bullock may

also add any additional claims against other defendants, if those claims arise from

the same transaction, occurrence, or series of transactions as his original claim.

Fed. R. Civ. P. 20(a)(2).

Bullock may not pursue a combination of unrelated claims in a single

suit.  *See Char v. Kaiser Hosp.*, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019)

("Unrelated claims involving different defendants must be brought in separate

actions.").  Bullock may, however, raise any unrelated claims in a separate action

or actions.  *See D'Agirbaud v. Kam*, 2020 WL 3258408, at *5 (D. Haw. June 16,

10

2020) (explaining that dismissing complaint for misjoinder allowed plaintiff "to decide which related claims he will pursue in *this* action, and which claims he will bring in a new action").  Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

**F.      Fourth Amendment—Excessive Force**

Bullock alleges in Count I that police officers used excessive force during his various arrests.  ECF No. 1 at PageID.6.

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989).  "In most instances, that will be either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishments, which are the two primary sources of constitutional protection against physically abusive governmental conduct." *Id.* The Supreme Court has held that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop,

or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard."[6]  *Id.* at 395.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  "[R]easonableness is always the touchstone of Fourth Amendment analysis."  *Birchfield v. North Dakota*, 579 U.S. 438, 477 (2016).

"The operative question in excessive force cases is whether the totality of the circumstances justifie[s] a particular sort of search or seizure."  *County of Los Angeles, Calif. v. Mendez*, 581 U.S. 420, 427–28 (2017) (quotation marks and citation omitted) (brackets in original).  "The reasonableness of the use of force is evaluated under an 'objective' inquiry that pays careful attention to the facts and circumstances of each particular case."  *Id.* at 428 (quotation marks omitted).  "Whether a use of force was reasonable will depend on the facts of the particular case, including, but not limited to, whether the suspect posed an immediate threat to anyone, whether the suspect resisted or attempted to evade arrest, and the severity of the crime at issue."  *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019).  In addition, "[t]he 'reasonableness' of a particular use

---

[6]  Bullock's reliance on the Eighth Amendment, therefore, is misplaced.  *See* ECF No. 1 at PageID.6.

of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. "That inquiry is dispositive: When an officer carries out a seizure that is reasonable, taking into account all relevant circumstances, there is no valid excessive force claim." *Mendez*, 581 U.S. at 428.

## G.   Fourteenth Amendment

### 1. Conditions of Confinement

Bullock further alleges in Count I that he was "stripped naked" and kept for a weekend in an air-conditioned cell with no bed or blanket, and with a fan blowing under his cell door at "full blast." ECF No. 1 at PageID.6. He also alleges that he was not provided a "hot meal" during this weekend. *Id.*

Pretrial detainees' challenges to the conditions of their confinement are analyzed under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment. *Norbert v. City & County of San Francisco*, 10 F.4th 918, 928 (9th Cir. 2021). "[T]he Fourteenth Amendment is more protective than the Eighth Amendment because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*." *Id.* (quotation marks and citations omitted). "[F]or a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of

the governmental action must be to punish the detainee." *Id.* (quotation marks and citation omitted).

### 2. *Deprivation of Property*

Bullock alleges in Count II that Adiniwin shattered his phone and that other HPD officers "left" his emotional-support cat that was later euthanized.[7] ECF No. 1 at PageID.7.

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. Neither negligent nor "unauthorized intentional deprivation[s] of property by a state employee . . . constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Hawaii law provides an adequate post-deprivation remedy for the loss of property. *See* Haw. Rev. Stat. § 663-1; *Finefeuiaki v. Maui Police Dep't*, 2018 WL 4839001, at *6 (D. Haw. Oct. 4, 2018); *see also Lagmay v. Nobriga*, 2016 WL 4975198, at *6 (D. Haw. Sept. 16, 2016) ("Hawaii's civil tort claim process provides an adequate post-deprivation remedy.").

---

[7] Although Bullock cites the Fifth Amendment, ECF No. 1 at PageID.7, that constitutional provision is inapplicable here. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (concluding that district court correctly dismissed Fifth Amendment claim against local law enforcement official because "the Fifth Amendment's due process clause only applies to the federal government").

### 3. *Equal Protection*

Bullock alleges in Count III that the HPD violated his equal protection rights. ECF No. 1 at PageID.8.

The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quotation marks and citation omitted).

In general, "[t]o state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Id.* (quotation marks and citation omitted). To the extent Bullock's claims are based on his being homeless, "[h]omeless persons are not a suspect class." *Joel v. City of Orlando*, 232 F.3d 1353, 1357 (11th Cir. 2000); *see also Raiser v. City of Temecula*, 2021 WL 3728878, at *8 (C.D. Cal. June 7, 2021) (noting that "homeless individuals are not a protected class"), *report and recommendation adopted*, 2021 WL 3725587 (C.D. Cal. Aug. 23, 2021), *appeal dismissed*, 2022 WL 215127 (9th Cir. Jan. 20, 2022).

### 4.  *Medical Care*

Bullock alleges in Count IV that he has been denied prescribed psychiatric and blood-pressure medications.  ECF No. 1 at PageID.9.

Medical care claims brought by pretrial detainees arise under the Fourteenth Amendment's Due Process Clause.  *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).  "[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard."  *Id.* at 1124–25.

The elements of a pretrial detainee's medical care claim are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.  *Id.* at 1125.

Regarding the third element, "the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[ ] on the facts and circumstances of each particular case."  *Id.* (quotation marks and citation omitted)

(alteration in original).  The "mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment"; the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (internal quotation marks and citation omitted).

## H.    First Amendment—Retaliation

Bullock alleges in Count V that HPD officers arrested him in retaliation for his "lifestyle and prior [arrests]."  ECF No. 1 at PageID.10.

"The First Amendment forbids government officials from retaliating against individuals for speaking out." *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010).  To recover under 42 U.S.C. § 1983 for such retaliation, a plaintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.  *Id.* (footnote omitted).  The Supreme Court has held that, in general, a "plaintiff pressing a retaliatory arrest claim must plead and prove the

absence of probable cause for the arrest." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019). "Absent such a showing, a retaliatory arrest claim fails."[8] *Id.* at 1725.

## I.   *Younger* Abstention

In his request for relief, Bullock asks, among other things, to have his criminal "charges erased." ECF No. 1 at PageID.11.

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quotation marks and citation omitted). "*Younger* cautions against federal interference with ongoing state criminal, civil, and administrative proceedings." *Id.* (citation omitted). *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. *Id.* Even if *Younger* abstention is appropriate, federal courts do not invoke it if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019).

---

[8]  The Supreme Court recognized a "narrow" exception "when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 139 S. Ct. at 1727.

To the extent Bullock asks the court to dismiss pending state criminal charges, any such claim is likely barred by *Younger*.  *See Ulep v. Dep't of Pub. Safety*, 2020 WL 7322715, at *2 n.4 (D. Haw. Dec. 11, 2020); *see also Osuna v. Wong*, 2017 WL 440718, at *2 (D. Haw. Feb. 1, 2017) ("[C]hallenges to ongoing state criminal proceedings in federal court are barred by the abstention doctrine set forth in [*Younger*]."); *Kirkpatrick v. Sequeira*, 2012 WL 464245, at *1 (D. Haw. Feb. 13, 2012) ("All three criteria for *Younger* abstention are met here: Petitioner's state criminal proceedings are ongoing, they implicate important state interests, and they afford him the opportunity to raise his claim.").

## IV.  <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with partial leave granted to amend. Bullock must file any amended pleading on or before **November 9, 2023**.  Bullock may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint.  Claims that do not properly relate to those in the Complaint are subject to dismissal.

Bullock must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal

Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form.  *See* LR99.2(a).  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V.  <u>28 U.S.C. § 1915(g)</u>

If Bullock fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  <u>CONCLUSION</u>

(1) The Complaint, ECF No. 1, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2) All of Bullock's claims against Adiniwin, Torres, Baba, and Duvall, in their official capacities, and the Honolulu Police Department, are DISMISSED with prejudice.

(3) Bullock's claims against the City and County of Honolulu are DISMISSED with leave granted to amend.

(4) Bullock must file any amended pleading on or before **November 9, 2023**.

(5) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Bullock may incur a strike under 28 U.S.C. § 1915(g).

(6) ALTERNATIVELY, Bullock may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

//
//
//
//
//
//
//
//
//

(7) The Clerk is DIRECTED to send Bullock a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 10, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Bullock v. Honolulu Police Department, et al.*, Civ. No. 23-00394 JMS-KJM, Order Dismissing Prisoner Civil Rights Complaint, ECF No. 1, with Partial Leave to Amend