IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENJAMIN ALLEN BULLOCK, A1079054,<br><br>             Plaintiff,<br><br>      v.<br><br>HONOLULU POLICE DEPARTMENT, ET AL.,<br><br>             Defendants. | CIV. NO. 23-00394 JMS-KJM<br><br>ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 6, WITH LEAVE GRANTED TO AMEND |

**ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 6, WITH LEAVE GRANTED TO AMEND**

Before the court is pro se Plaintiff Benjamin Allen Bullock's ("Bullock") First Amended Prisoner Civil Rights Complaint ("FAC") brought pursuant to 42 U.S.C. § 1983.[1]  ECF No. 6.  In the FAC, Bullock alleges that four Honolulu Police Department ("HPD") officers used excessive force during a March 3, 2023 arrest (Count I), HPD officers used excessive force "on at least five occasions" between the end of 2022, and March 3, 2023 (Count II), and HPD officers subjected him to unconstitutional conditions of confinement following his

---

[1] Bullock is currently incarcerated at the Oahu Community Correctional Center.  *See* ECF No. 6 at PageID.50; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A1079054"; and select "Search") (last visited Nov. 27, 2023).

March 3, 2023 arrest (Count III).[2]  *Id.* at PageID.55–PageID.57.  After conducting the required screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the court DISMISSES the Complaint with leave granted to amend.  If Bullock wants this action to proceed, he must file an amended pleading that cures the noted deficiencies in his claims on or before **December 28, 2023**.  In the alternative, Bullock may inform the court in writing on or before **December 28, 2023**, that he would like to dismiss voluntarily this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

## I.  STATUTORY SCREENING

The court is required to screen all in forma pauperis prisoner complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

---

[2] Bullock names as Defendants the City and County of Honolulu ("City and County"), Richard Adiniwin, Jonathan Torres, Jonathan Daniel Baba, and Seth Duvall.  *See* ECF No. 6 at PageID.50–PageID.52.  The individual defendants are named only in their individual capacities.  *Id.* at PageID.51–PageID.52.

2

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id*.

In conducting this screening, the court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

\\\

\\\

\\\

\\\

## II. **BACKGROUND**[3]

HPD officers arrested or stopped Bullock "on at least five occasions" between the end of 2022, and March 3, 2023. ECF No. 6 at PageID.56. According to Bullock, the officers used excessive force during these encounters. *Id.*

On March 3, 2023, Bullock was sleeping at an Ala Moana bus stop when he was "arrest[ed] for a minor loitering charge." *Id.* at PageID.55. During the arrest, Bullock was elbowed in the nose, pinned against a wall, body slammed, dragged, teased, taunted, whacked, and left in a hot, stalled car with its windows up. *Id.*

Following his arrest, Bullock was left in a "freezing" air-conditioned cell, without clothing, a bed, or a blanket. *Id.* at PageID.57. The cell's window was blocked, Bullock did not receive hot meals over a weekend, and an industrial fan on its highest setting blew cold air under his cell door. *Id.*

Bullock commenced this suit by signing the original Complaint on September 12, 2023. ECF No. 1 at PageID.11. The court granted Bullock's Application to Proceed In Forma Pauperis by a Prisoner, ECF No. 2, on September 25, 2023, ECF No. 4. On October 10, 2023, the court dismissed the original Complaint with partial leave granted to amend. ECF No. 5.

---

[3] Bullock's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

The court received the FAC on November 7, 2023.  ECF No. 6.  In Count I, Bullock alleges that the individual defendants used excessive force during his March 3, 2023 arrest.  *Id.* at PageID.55.  In Count II, Bullock alleges that HPD officers used excessive force on "at least five occasions" between the end of 2022, and March 3, 2023.  *Id.* at PageID.56.  Finally, in Count III, Bullock alleges that he experienced unconstitutional conditions of confinement following his March 3, 2023 arrest.  *Id.* at PageID.57.  Bullock seeks unspecified damages and an apology.  *Id.* at PageID.58.

### III.  **DISCUSSION**

A.    **Legal Framework for Claims under 42 U.S.C. § 1983**

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

### B. Municipal Liability

Bullock again names as a defendant the City and County of Honolulu. ECF No. 6 at PageID.50.

In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that a municipality could be "sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id*. at 690–91. In addition, the Supreme Court has held that a municipality can be liable under Section 1983 for a "failure to train" when "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A municipality cannot be held liable under Section 1983 "solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (italics omitted).

Thus, a plaintiff can allege municipal liability under Section 1983 in any of three ways. First, a municipality can be liable when it or a person with final policymaking authority within the municipality expressly enacts or authorizes a

6

policy respecting a challenged action. *Id.* at 690; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482–83 (1986) ("The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable."). In this regard, a municipality can also be liable when a final policymaker "ratifie[s]" a subordinate's conduct and the basis for it. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066–67 (9th Cir. 2013). Second, a municipality can be liable for a custom that, although not expressly enacted, is "so permanent and well settled" it operates with the force of law. *Monell*, 436 U.S. at 691 (internal quotation marks omitted). Third, a municipality can be liable for a failure to train its employees when such failure amounts to deliberate indifference towards the rights of its inhabitants. *City of Canton*, 489 U.S. at 388–89. In addition, a plaintiff must allege that a policy, custom, or failure to train actually caused a municipality's employee to commit the constitutional deprivation. *Id.* at 391; *Monell*, 436 U.S. at 694.

Here, Bullock does not allege in Count I, II, or III that any individual HPD officer acted pursuant to a policy or that any officer's alleged actions were ratified by a final policymaker. To the extent Bullock asserts in Count I that the use of excessive force was a "common practice" of HPD officers, ECF No. 6 at PageID.55, and in Count III that the HPD's "customs" regarding the conditions of confinement experienced by pretrial detainees were "[ubiquitous]," *id.* at

7

PageID.57, these conclusory allegations are not enough to state a claim. *See Melton v. County of Maricopa*, 2022 WL 3031319, at *2 (9th Cir. Aug. 1, 2022) (concluding that pleading was "too conclusory and formulaic" because it included "no specific allegations concerning other instances of excessive force sufficient to allege a custom, policy, or practice"); *see also Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 884 (9th Cir. 2022) ("Plaintiffs cannot allege a widespread practice or custom based on isolated or sporadic incidents; [liability] must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.") (quotation marks and citations omitted) (alteration in original).

      Likewise, Bullock's conclusory allegations that training of HPD's officers was inadequate, *see* ECF No. 6 at PageID.55–PageID.57, are insufficient to state a claim. *See Hyer v. City & County of Honolulu*, 2020 WL 3440934, at *8 (D. Haw. June 23, 2020) ("Allegations of inadequate training are insufficient where they do not identify what the training practices were, how the training practices were deficient, or how the training caused the specific Plaintiff's harm."). Thus, Bullock's claims against the City and County are DISMISSED with leave granted to amend.

## C. Causation

Bullock also names four HPD officers as defendants. *See* ECF No. 6 at PageID.51–PageID.52.

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." (citation omitted)). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id.* (citation omitted). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). The Ninth Circuit has explained that a government actor may be liable under 42 U.S.C. § 1983 if he performs an affirmative act, participates in another's affirmative acts, or fails to perform an act which he is legally required to do that causes the prisoner to suffer a deprivation of rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, other than listing the four officers together in the first sentence of Count I, Bullock does not specify how each of them violated his rights. Although Bullock alleges in Count I that he was elbowed in the nose, pinned

against a wall, body slammed, dragged, teased, taunted, whacked, and left in a hot car, he does not say which defendant or defendants did any of these things. ECF No. 6 at PageID.55. Likewise, in Counts II and III, Bullock does not say how the individual officers violated his rights. Indeed, the individual officers are not even mentioned in Counts II and III. *See* ECF No. 6 at PageID.56–PageID.57.

Claims against any individual defendants cannot proceed unless Bullock satisfies the causation requirement. *See Swain v. Dir. of Corr.*, 2019 WL 5536207, at *2 (N.D. Cal. Oct. 25, 2019) (instructing plaintiff to "identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights, and stating when the violation occurred"); *Pearson v. Bakersfield Police Dep't*, 2018 WL 1586363, at *4 (E.D. Cal. Apr. 2, 2018) ("To the extent Plaintiff seeks to hold individual officers liable, he must name the officers and state what each person did to violate his constitutional rights. To state a claim against the individual officers, Plaintiff must [allege] facts supporting a conclusion that each defendant personally participated in the deprivation of his rights.") (citation omitted). Thus, Bullock's claims against Adiniwin, Torres, Baba, and Duvall are DISMISSED with leave granted to amend. Again, if Bullock decides to file an amended pleading, he should consider the following procedural and legal standards.

**D.     Joinder**

A party asserting a claim may join, as independent or alternative claims, as many claims as it has against an opposing party. Fed. R. Civ. P. 18. "To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties." *Weeks v. Espinda*, 2010 WL 2218631, at *3 (D. Haw. June 2, 2010). Rule 20(a)(2) allows joinder of defendants only if the following two requirements are met: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2)(A)–(B); *Stribling v. Tobias*, 690 F. App'x 972, 973 (9th Cir. 2017). Unrelated claims involving different defendants belong in different suits. *See What v. Honolulu Police Dep't*, 2014 WL 176610, at *4 (D. Haw. Jan. 13, 2014).

If Bullock decides to file an amended pleading, any claim asserted therein must be permitted by either Rule 18 or Rule 20. Bullock may state a single claim against a single defendant. Pursuant to Rule 18, Bullock may then add any additional claims to his action that are against the same defendant. Bullock may also add any additional claims against other defendants, if those claims arise from

11

the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2).

Bullock may not pursue a combination of unrelated claims in a single suit. *See Char v. Kaiser Hosp.*, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions."). Bullock may, however, raise any unrelated claims in a separate action or actions. *See D'Agirbaud v. Kam*, 2020 WL 3258408, at *5 (D. Haw. June 16, 2020) (explaining that dismissing complaint for misjoinder allowed plaintiff "to decide which related claims he will pursue in *this* action, and which claims he will bring in a new action"). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

E.   **Fourth Amendment—Excessive Force**

Bullock alleges in Counts I and II that HPD officers used excessive force during various investigatory stops and arrests. ECF No. 6 at PageID.55–PageID.56.

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989). "In most instances, that will be either the Fourth Amendment's prohibition

against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishments, which are the two primary sources of constitutional protection against physically abusive governmental conduct." *Id.* The Supreme Court has held that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Id.* at 395.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "[R]easonableness is always the touchstone of Fourth Amendment analysis." *Birchfield v. North Dakota*, 579 U.S. 438, 477 (2016).

"The operative question in excessive force cases is whether the totality of the circumstances justifie[s] a particular sort of search or seizure." *County of Los Angeles, Calif. v. Mendez*, 581 U.S. 420, 427–28 (2017) (quotation marks and citation omitted) (brackets in original). "The reasonableness of the use of force is evaluated under an 'objective' inquiry that pays careful attention to the facts and circumstances of each particular case." *Id.* at 428 (quotation marks omitted). "Whether a use of force was reasonable will depend on the facts of the particular case, including, but not limited to, whether the suspect posed an

13

immediate threat to anyone, whether the suspect resisted or attempted to evade arrest, and the severity of the crime at issue." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019). In addition, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. "That inquiry is dispositive: When an officer carries out a seizure that is reasonable, taking into account all relevant circumstances, there is no valid excessive force claim." *Mendez*, 581 U.S. at 428.

### F.  Fourteenth Amendment—Conditions of Confinement

Bullock alleges in Count III that he experienced unconstitutional conditions of confinement following his March 3 arrest. ECF No. 6 at PageID.58.

Pretrial detainees' challenges to the conditions of their confinement are analyzed under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment. *Norbert v. City & County of San Francisco*, 10 F.4th 918, 928 (9th Cir. 2021). "[T]he Fourteenth Amendment is more protective than the Eighth Amendment because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*." *Id.* (quotation marks and citations omitted). "[F]or a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of

14

the governmental action must be to punish the detainee." *Id.* (quotation marks and citation omitted).

### IV. **LEAVE TO AMEND**

The FAC is DISMISSED with leave granted to amend. Bullock must file any amended pleading on or before **December 28, 2023**. Bullock may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the FAC. Claims that do not properly relate to those in the FAC are subject to dismissal.

Bullock must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. *See* LR99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V. 28 U.S.C. § 1915(g)

If Bullock fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. CONCLUSION

(1) The FAC, ECF No. 6, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2) Bullock must file any amended pleading on or before **December 28, 2023**.

(3) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Bullock may incur a strike under 28 U.S.C. § 1915(g).

(4) ALTERNATIVELY, Bullock may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Bullock a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 27, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Bullock v. Honolulu Police Department, et al.*, Civ. No. 23-00394 JMS-KJM, Order Dismissing First Amended Prisoner Civil Rights Complaint, ECF No. 6, with Leave Granted to Amend