IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BENJAMIN ALLEN BULLOCK, | ) | Civil No. 23-00394 JMS-KJM |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | DEFAULT JUDGMENT |
| CITY AND COUNTY OF HONOLULU; ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On November 21, 2024, Plaintiff Benjamin Allen Bullock ("Plaintiff") filed a letter requesting entry of default against Defendants Richard Adiniwin, Jonathan Daniel Baba, and Seth Duvall (collectively, the "Officer Defendants"). ECF No. 38. On December 3, 2024, the Officer Defendants filed a Motion to Dismiss Second Amended Complaint Filed on December 15, 2023. ECF No. 39.

On December 4, 2024, the district court issued an Order (1) Denying Officer Defendants' Motion to Dismiss, ECF No. 39, and (2) Requiring Explanation from Counsel. ECF No. 40. Therein, the district court stated: "Because the Officer Defendants have now entered an appearance and have 'otherwise defend[ed]' with a motion to dismiss, any pending proceedings regarding entry of default are MOOT." *Id.* at 2 n.1 (citing Fed. R. Civ. P. 55(a); ECF No. 38)).

On December 16, 2024, Plaintiff filed a letter requesting default judgment against the Officer Defendants ("Motion for Default Judgment"). ECF No. 42. The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. For the reasons set forth below, the Court FINDS AND RECOMMENDS that the district court DENY the Motion for Default Judgment.

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the process for entry of default and default judgment:

> (a)  **Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b)  **Entering a Default Judgment.**
>
> > (1)  *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2)  *By the Court.* In all other cases, the party must apply to the court for a default judgment. . . .

Fed. R. Civ. P. 55(a)–(b). The Ninth Circuit Court of Appeals has indicated that Rule 55 requires a "two-step process" consisting of: (1) seeking the clerk's entry

of default; and (2) filing a motion for entry of default judgment.  *See Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting the "two-step process of 'Entering a Default' and 'Entering a Default Judgment'"); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55.").

Plaintiff has not satisfied the first step of obtaining entry of default against the Officer Defendants.  As the district court noted, Plaintiff's request for entry of default is moot because the Officer Defendants are defending the case.  The Court notes that the Officer Defendants have filed an answer to the Second Amended Complaint.  ECF No. 43.  Thus, the Court cannot recommend granting a request for default judgment.

## CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY the Motion for Default Judgment (ECF No. 42).

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, December 23, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

*Bullock v. City & Cnty. of Honolulu, et al.*, Civil No. 23-00394 JMS-KJM; Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment