IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BENJAMIN ALLEN BULLOCK, | ) | Civil No. 23-00394 JMS-KJM |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS |
| vs. | ) | SECOND AMENDED PRISONER |
| | ) | CIVIL RIGHTS COMPLAINT |
| CITY AND COUNTY OF | ) | |
| HONOLULU; ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DISMISS
SECOND AMENDED PRISONER CIVIL RIGHTS COMPLAINT

On September 25, 2023, Plaintiff Benjamin Allen Bullock ("Bullock"),

proceeding pro se, filed a Prisoner Civil Rights Complaint.  ECF No. 1.  On

December 15, 2023, Bullock filed a Second Amended Prison Civil Rights

Complaint ("Second Amended Complaint"), which is the operative pleading in this

case.  ECF No. 10.

The Court scheduled a final pretrial conference for March 12, 2026, at 9:45

a.m.  ECF No. 53 at 3 ¶ 12.  Bullock failed to appear at the final pretrial

conference.  ECF No. 72.  In addition, Bullock failed to submit a final pretrial

conference statement, as required by Rule 16.4 of the Local Rules of Practice for

the United States District Court for the District of Hawaii ("Local Rules").

LR16.4(b); *see also* ECF No. 53 at 3 ¶ 13.

The final pretrial conference statement is a significant document that directs the parties to provide 22 categories of information to the court and other parties, including the alleged basis for jurisdiction, witnesses to be called, exhibits, outstanding discovery or motions, status of settlement discussions, and estimated length of trial.  The final pretrial conference is an equally significant milestone at which the parties and the court address trial readiness, anticipated trial issues, and settlement.  A party may not simply ignore the final pretrial conference statement deadline and the final pretrial conference.

On March 13, 2026, the Court issued an Order to Show Cause ("03/13/2026 OSC"), which was the third order to show cause that the Court had issued in this case for Bullock's inaction.  ECF No. 73.  In the 03/13/2026 OSC, the Court ordered Bullock to show cause "in writing, **by March 20, 2026**, why he should not be sanctioned for failure to file a final pretrial conference statement and failure to appear at the final pretrial conference."  *Id.* at 2.  Bullock failed to file a response to the 03/13/2026 OSC.

## DISCUSSION

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *see also Pagano v. OneWest Bank, F.S.B.*, CV. No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan.

2

10, 2012) (citing *Link*, 370 U.S. at 629–31 ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")).  The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits (collectively, the "*Pagtalunan* factors").  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).  For the reasons discussed below, the Court finds that dismissal of the Second Amended Complaint is appropriate given Bullock's failure to prosecute.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since September 2023, and Bullock has failed to comply with basic requirements to proceed to trial.  *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) (finding that the district court did not abuse its discretion in dismissing cases after concluding, in part, that such cases "had been pending for close to, or over, a year without forward movement, and that such lack of diligence does not serve the public interest in expeditious resolution of litigation").

3

Second, the Court's need to manage its docket weighs strongly in favor of dismissal.  Bullock's failure to attend the March 12, 2026 final pretrial conference and comply with submission deadlines has interfered with the Court's ability to manage its docket and wasted the Court's time.  In addition, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642 (citation omitted).

Third, the risk of prejudice to the defendants weighs strongly in favor of dismissal.  Bullock's inaction has impaired the defendants' ability to proceed to trial and threatens to interfere with the resolution of this case.  *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate.  The Court has given Bullock three warnings (in the form of orders to show cause) that failure to comply with deadlines and otherwise meaningfully participate may result in dismissal. Bullock has nevertheless continued to disregard deadlines.  The Court thus believes that less drastic sanctions would be futile.  This fourth factor thus weighs strongly in favor of dismissal.

Fifth, the Court acknowledges that public policy favors disposition of cases on their merits.  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (citation omitted).  Thus, this final factor weighs against dismissal.  This Court

finds, however, that because four of the factors weigh in favor of dismissal, this factor is outweighed. *Malone*, 833 F.2d at 133 n.2. Accordingly, dismissal is appropriate.

In addition, because three of the five *Pagtalunan* factors strongly weigh in favor of dismissal, the Court recommends that the district court dismiss the Second Amended Complaint with prejudice. *See In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015) (stating that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 30, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Bullock v. City & Cnty. of Honolulu, et al.*, Civil No. 23-00394 JMS-KJM; Findings and Recommendation to Dismiss Second Amended Prison Civil Rights Complaint